# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>   Plaintiff,<br><br>vs.<br><br>BRADLEY DEAN WOLF,<br><br>   Defendant. | No. C06-3055-MWB<br><br>**ORDER REGARDING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE** |

_____

## *I. INTRODUCTION AND BACKGROUND*

  The court has before it defendant Bradley Dean Wolf's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (#1). Defendant Wolf was charged in an indictment with conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846. On May 15, 2001, defendant Wolf entered a guilty plea to the charge. On November 28, 2001, defendant Wolf was sentenced to 121 months imprisonment, and, on November 30, 2001, judgment in this case was entered. Defendant Wolf did not appeal his conviction or sentence. Defendant Wolf has filed his current § 2255 motion, in which he challenges the validity of his conviction and sentence, 57 months after the criminal judgment became final.

## *II. LEGAL ANALYSIS*
### *A. Timeliness of Motion*

  It is clear from the motion, that defendant Wolf never attempted an appeal on any of his grounds for relief. The Eighth Circuit has pointed out that "[a] motion under § 2255 is not a substitute for a direct appeal." *Anderson v. United States*, 25 F.3d 704, 705 (8th

Cir. 1994); *see Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995); *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (per curiam); *Reid v. United States*, 976 F.2d 446, 447 (8th Cir. 1992), *cert. denied*, 507 U.S. 945 (1993); *United States v. Capua*, 656 F.2d 1033, 1037 (5th Cir. 1981). Rather, "it is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *Auman*, 67 F.3d at 161 (quoting *Wilson*, 997 F.2d at 431). The failure to raise this issue earlier may constitute procedural default. *Ford v. United States*, 983 F.2d 897, 898 (8th Cir. 1993) (per curiam); *Reid*, 976 F.2d at 448. The Eighth Circuit Court of Appeals has noted that:

> relief under 28 U.S.C. § 2255 is available to correct errors that could have been raised at trial or on direct appeal if the petitioner shows cause for the default and resulting prejudice. *Reid*, 976 F.2d at 448. As other courts have more specifically explained, however, the cause and prejudice exception does not apply to nonconstitutional or nonjurisdictional claims that could have been but were not raised on direct appeal. *Brennan*, 867 F.2d at 120; *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir. 1988). A petitioner simply cannot raise a nonconstitutional or nonjurisdictional issue in a § 2255 motion if the issue could have been raised on direct appeal but was not. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992); *see Davis v. United States*, 417 U.S. 333, 345 & n.15 (1974) (federal prisoner cannot assert on collateral attack a nonconstitutional claim that was not raised on direct appeal); *Capua*, 656 F.2d at 1037 (same).

*Anderson*, 25 F.3d at 706.

The first issue the court must address is whether defendant Wolf's petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, Title I, § 105, 110 Stat. 1220, established a mandatory, one-year "period of limitation" for § 2255 motions, which runs from the latest of the following events:

> (1) the date on which the judgment of conviction

2

>       becomes final;
>           (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>           (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>           (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. §§ 2255(1)-(4).

The finality of Wolf's conviction in this case is the only applicable date of the four statutory dates in § 2255(1)-(4). Wolf makes no allegation that an unconstitutional or unlawful act by the government prevented him from filing his § 2255 motion within the one-year limitation period, *see* 28 U.S.C. § 2255(2), nor does he assert that the Supreme Court recently recognized a right retroactively applicable to this § 2255 case. *See* §28 U.S.C. § 2255(3). Moreover, Wolf does not state that the one-year limitation period under § 2255 should be calculated from a date, when through the exercise of due diligence, he discovered the facts supporting his arguments for relief. *See* 28 U.S.C. § 2255(4).

There is no question that the one year limitation period for bringing a § 2255 motion in this case expired at least 47 months before defendant Wolf filed his § 2255 motion. Defendant Wolf never appealed after judgment was entered on November 30, 2001. Therefore, defendant Wolf's § 2255 one year limitation period expired on November 30, 2002, and even if the 10 day time period in which he would have had to file a notice of appeal to the Eighth Circuit Court of Appeals were included in determining the date on which his conviction became final, that date would then become December 10, 2002, and

3

defendant Wolf's § 2255 motion would still be untimely. Therefore, defendant Wolf's § 2255 motion is denied.[1]

### *B. Certificate Of Appealability*

Defendant Wolf must make a substantial showing of the denial of a constitutional right in order to be granted a certificate of appealability on these issues. *See Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U .S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court recently reiterated in *Miller-El*

---

[1] The court notes that federal courts, including the Eighth Circuit Court of Appeals, have determined that the AEDPA's one year period of limitations is not jurisdictional and, therefore, is subject to equitable tolling in limited circumstances. *Jihad v. Hvass*, 267 F.3d 803, 805 (8th Cir. 2001); *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001); *Kreutzer v. Bowersox*, 231 F.3d 460, 463 (8th Cir. 2000), *cert. denied sub nom. Kruetzer v. Luebbers*, 534 U.S. 863 (2001); *Paige v. United States*, 171 F.3d 559, 561 (8th Cir. 1999); *Moore v. United States*, 173 F.3d 1131, 1134 (8th Cir. 1999); *accord Cook v. Stegall*, 295 F.3d 517, 519 (6th Cir. 2002); *Dunlap v. United States*, 250 F.3d 1001, 1004-07 (6th Cir. 2001); *Kapral v. United States*, 166 F.3d 565, 567 (3d Cir. 1999); *Sandvik v. United States*, 177 F.3d 1269, 1271-72 (11th Cir. 1999). However, "[e]quitable tolling is proper only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Kreutzer*, 231 F.3d at 463 (citing *Paige*, 171 F.3d at 561); *accord Jihad*, 267 F.3d at 805 (quoting *Kreutzer*, 231 F.3d at 463). Here, defendant Wolf has not alleged an extraordinary circumstance justifying the tolling of the limitations period and the court concludes that there is no basis upon which to invoke the doctrine of equitable tolling under the circumstances of this case.

4

that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 123 S. Ct. at 1040 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). The court determines that Wolf's petition does not present questions of substance for appellate review, and therefore, does not make the requisite showing to satisfy § 2253(c). *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). With respect to these claims, the court shall not grant a certificate of appealability pursuant to 28 U.S.C. § 2253(c).

### III. CONCLUSION

The court concludes that defendant Wolf's § 2255 motion is untimely. Therefore, defendant Wolf's § 2255 motion is **denied**, and this matter is **dismissed in its entirety**. Moreover, the court determines that the petition does not present questions of substance for appellate review. *See* 28 U.S.C. § 2253(c)(2); FED. R. APP. P. 22(b). Accordingly, a certificate of appealability will not issue.

**IT IS SO ORDERED.**

**DATED** this 31st day of May, 2007.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA